In the Matter of the Estate of His Late Majesty Lunalilo.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1881.

*Harris, C. J., Judd and McCully, J.J.*

IN THE MATTER OF THE ESTATE OF HIS LATE MAJESTY LUNALILO.

ON APPLICATION BY TRUSTEES FOR INSTRUCTIONS.

THE TRUSTEES APPOINTED under the will of His late Majesty Lunalilo have no power to lease the real estate, but must sell the same.

Opinion of the Court by HARRIS, C. J.

The application for instruction sets forth that the trustees of this estate have leased the Ili of Pau, near Honolulu, Island of Oahu, for ten years from the 31st day of January, 1880, for $756 a year, with privilege to the lessee of extension for five years more.

They have further leased the sea fishery of Waiehu, on the Island of Maui, for the term of five years, at the rate of $255 per annum.

That they have confirmed the lease for the land of Keaau, Island of Hawaii, made by the late Charles Kanaina, for twenty-five years from the first day of October, 1874, which is equivalent to renting for nearly twenty-two years from the death of Charles Kanaina, which occurred 15th March, 1877, at $500 per annum and taxes.

And the application still further sets forth that there is a small piece of land inside of the aforesaid Ili of Pau, which the trustees of the estate have the opportunity of buying; and that the possession of the said piece of land is essential to the value of said Ili of Pau.

The application further sets forth that the said trustees are

uncertain at the present time as to their authority to negotiate and execute leases of the said trust estate, and therefore pray for instructions as to their authority or the advisability of leasing the same.

At the hearing it was strongly urged upon us that these leases were advantageous, and were justified by the words in the will: "I hereby order and direct that the said trustees shall apply the net *rents*, issues and profits arising from the principal sum, etc." And the word "rents," it is said, would involve the idea that some land might be rented.

And we were further urged, at the hearing, that in case we should be of the opinion that the will does not give the authority to lease lands, we should ratify and justify the leases above set forth.

This would be manifestly impossible; for the Court can only interpret the will, and can give no authority not conveyed by it, so that the only thing for us to investigate is what authority the will conveys; or in other words, what was the intention of the testator. On that point the will states that the estate is to be held by the trustees for the following purpose: "To *sell* and dispose of the said real estate (*i. e.*, all of it) to the best advantage at public or private *sale*, and to *invest* the proceeds in some secure manner until the aggregate sum shall amount to $25,000, or until the sum realized by the said trustees shall, with donations or contributions from other sources, amount to the said sum of $25,000; then, I order the trustees (to be appointed as aforesaid) to expend the whole amount in the purchase of land, and the erection of a building or buildings, etc."

But it is said that the sum already realized amounts to more than $25,000; therefore it is not necessary to sell any more land. The answer is that the whole land is devised to the trustees, not to hold, but to sell, so that money may be procured wherewith to aid the infirm. The testator did not wish to invest in land; his wish was to invest in an Infirmary, and

In the Matter of the Estate of His Late Majesty Lunalilo.

to obtain the means of maintaining that Infirmary and its oc- cupants. This is more apparent when the next clause of his will is considered, in which he adverts to his charity, which reads as follows:

"But in case sufficient buildings shall have been provided for the use and accommodation of poor, destitute and infirm Hawaiians;'" that is, provided from other sources as above indicated.

Now what does the testator do? Does he direct that the sale of land shall stop? By no means. But he goes on to say, "I hereby order and direct that the said trustees shall apply the net rents, issues and profits arising from the principal sum *realized* from the said real estate, when *sold* as *aforesaid*, towards maintaining the said buildings in repair, and their improvement, and towards the support and maintenance of the inmates." Thus providing again that the estate be sold and the proceeds invested in some secure manner. This is the only authority given by the will. The whole tenor of the will is to the effect that the whole of the real estate shall be turned to ready money, which can be readily used, to found this In- firmary, if it shall only amount to $25,000; and if more should be realized either by the contributions of other charitably disposed persons or otherwise, then the estate thus reduced to ready money is to be used for the purpose of improving, en- larging and extending the accommodation and maintaining its inmates.

The trustees therefore have no authority to lease, and still less authority to buy any real estate; and all leases effected by them must be utterly and entirely void. It is the duty of the trustees to sell this estate, and we do so advise and order.

S. B. Dole for the trustees.

Honolulu, Februry 7, 1881.